IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BEATRICE BRAXTON,** | * |
| Plaintiff, | * |
| v. | * Case No.: RWT 11-cv-815 |
| **DEUTSCHE BANK NATIONAL TRUST CO.** *et al*, | * |
| Defendants. | * |

**MEMORANDUM OPINION**

On May 31, 2011, Plaintiff's counsel of record, Esthus Christopher Amos, filed a Motion for Extension of Time on the basis that the "Glenmore Law Firm has not had adequate time to prepare a proper response to Defendants' Motion to Dismiss." (ECF No. 19) The Defendants opposed the extension. (ECF No. 21) On July 13, 2011, this Court granted Plaintiff's motion, ordering Plaintiff to respond by August 5, 2011 and indicating that no further extensions would be provided. (ECF No. 22) No response to the motion to dismiss was filed on or before August 5, 2011.

During August and early September 2011, the Law Clerks to the undersigned made repeated attempts to reach Mr. Amos and ascertain his reason for failing to file a response. On September 21, 2011, the Law Clerk finally spoke with Mr. Amos who stated that he was no longer with the Glenmore Law Firm and no longer represented the Plaintiff.

An attorney represents clients, and the obligation to provide competent representation does not cease to exist simply because that attorney is no longer at a particular law firm. See MRPC 1.1; MRPC 1.3; MRPC 1.16(d); MRPC 8.4(d); See also Attorney Grievance Comm. v. De La Paz, 418 A.3d 181, 195 (Md. 2011) (holding that attorney violated *inter alia*, MRPC

Rules 1.1, 1.3, 1.16(d) and 8.4(d), because he "clearly neglected his clients, leaving one client to fend for himself at his own hearing and the other to lose his cause of action entirely for failure to prosecute" and "moved his practice without informing his clients of his new contact information").

Mr. Amos is a member of the Maryland Bar and of the Bar of this Court. But, this Court has serious concerns about his neglect of the plaintiff and the operations of the Glenmore Law Firm. See Mem. Op., Lampton v. Household Finance Corp., No. RWT 11cv1364, (D. Md Sept. 15, 2011) (ECF. No. 19). (attached as Exhibit A)

Accordingly, Mr. Amos will be directed to file within 7 days of the date of the accompanying order a status report containing the following information:

1. The date Mr. Amos began his association with the Glenmore Law Firm; and

2. The names of the principals of the Glenmore Law Firm at the time Mr. Amos began his association with that firm; and

3. Whether the principals are members of the Maryland Bar; and

4. The names of the attorney principals responsible for Mr. Amos' work during his association with the Glenmore Law Firm; and

5. What if any steps Mr. Amos took to protect Plaintiff's interests upon terminating his representation; and

6. A detailed explanation as to why Mr. Amos should not be referred to the Disciplinary and Admissions Committee of this Court and to Maryland Bar Counsel for neglecting the representation of his client in this case.

A separate order follows.

September 23, 2011                          /s/
                                                  DEBORAH K. CHASANOW FOR
                                                  ROGER W. TITUS
                                                  UNITED STATES DISTRICT JUDGE