IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Debra Lampton**, *et al.*, | \* |
| Plaintiffs, | \* |
| v. | \* Civil Case No.: RWT 11cv1364 |
| **Household Finance Corporation**, *et al.*, | \* |
| Defendants. | \* |

## MEMORANDUM OPINION

On March 23, 2011, Plaintiffs filed a fifteen-count Complaint against the Defendants in the Circuit Court for Prince George's County. ECF No. 2. The Complaint was filed by Shakyamunire Shiva Arati, an attorney who then had been a member of the Maryland bar for only a little more than three-weeks.[1] Beneath Arati's signature on the Complaint was a reference to "The Glenmore Law Firm."

Defendants filed a Notice of Removal on May 19, 2011 alleging that this Court has original subject-matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331 and supplemental subject-matter jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367(a). ECF No. 1. Defendants claimed, pursuant to 28 U.S.C. § 1441(b) and (c), that all claims asserted in Plaintiffs' Complaint could be removed. *Id.* Upon removal of the case, the Clerk of Court sent a letter to Plaintiffs' counsel on May 20, 2011 indicating that counsel was not a member in good standing of this Court's bar. ECF No. 7. The letter indicated that counsel had fourteen days from the date of the letter to notify the chambers

---

[1] *See* Client Protection Fund of the Bar of Maryland, http://www.courts.state.md.us/cpf/attylist.html (search "Last Name" for "Arati").

of the presiding judge whether counsel was seeking admission or if another attorney would be entering an appearance. *Id.* Plaintiffs' counsel did not reply to the letter, nor did any other attorney associated with "The Glenmore Law Firm."

On May 26, 2011, Defendant The Fisher Law Group, filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 9. On May 26, 2011, Defendants Household Finance Corporation III, A Mortgage Two Corporation, and HSBC Group filed a separate Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). ECF No. 12. Neither Mr. Arati nor any other attorney associated with "The Glenmore Law Firm" filed a timely opposition to either of Defendants' Motions to Dismiss.

On July 8, 2011 the Clerk of Court sent Plaintiffs' counsel a letter informing them that Defendants filed two motions to dismiss and that Plaintiffs had a right to file a response to Defendants' motions within seventeen days from the date of the letter. ECF No. 15. Again, neither Mr. Arati nor any other attorney associated with "The Glenmore Law Firm" responded within the time period specified in the Clerk's notification.

On July 29, 2011, Tawana Shephard,[2] also apparently associated with "The Glenmore Law Firm," filed a Motion to Extend Time to File Opposition to Defendants' Motions to

---

[2] Tawana Shephard, Esquire is a member of the bar of this Court, having been admitted on July 16, 2010. At the time of her admission to the bar of this Court, she based her admission on membership in the Bar of the District of Columbia, and her principal office was said to be located at 1701 Pennsylvania Ave., NW, Suite 300, Washington, D.C. 20006. According to records of the District of Columbia bar, Ms. Shephard no longer has an address on file. *See* DC Bar, Find a Member, http://www.dcbar.org/find_a_member/index.cfm (search "Last Name" for "Shephard" and search "First Name" for "Tawana"). She has entered an appearance in multiple cases in this Court utilizing the Beltsville, Maryland address of "The Glenmore Law Firm." Local Rule 701.1(a) requires that a person be, and continuously remain, a member of the bar of the highest court of this State, or the District of Columbia, where his or her principal office is located. Local Rule 701.1(d) also precludes membership in the bar of this Court by any person maintaining any office in Maryland, unless that person is a member of the Maryland bar. According to records of the Client Protection Fund of the Bar of Maryland, Ms. Shephard is not a member of the Maryland bar. *See* Client Protection Fund of the Bar of Maryland, http://www.courts.state.md.us/cpf/attylist.html (search "Last Name" for "Shephard" and search "First Name" for "Tawana").

Dismiss. ECF No. 16. In her motion, Ms. Shepard indicated that an extension of time was needed because Mr. Arati had left the firm abruptly after the case was removed to this Court. *Id.* She asked for additional time so that a new attorney could become familiar with the case. *Id.* Defendant The Fisher Law Group filed an Opposition to the Motion for Extension of Time on August 2, 2011. ECF No. 17. In its Opposition, The Fisher Law Group appended copies of unanswered letters sent to Mr. Arati, including one invoking the "safe harbor" provisions of Rule 11 of the Federal Rules of Civil Procedure.[3]

It is apparent from an examination of the file in this case that virtually nothing has been done for the Plaintiffs by either Mr. Arati or any other attorney associated with "The Glenmore Law Firm" since the time the matter was removed to this Court. In an Opinion authored for the Court of Appeals of Maryland by Associate Judge Glenn Harrell, *Attorney Grievance Comm'n of Maryland v. Kimmel & Silverman*, 405 Md. 647, 955 A.2d 269 (2008), a strong reminder was given to the members of the Maryland bar of the supervisory responsibilities of law firms for the actions of attorneys employed by them. Rule 5.1 of the Maryland Lawyers' Rules of Professional Conduct provides as follows:

> (a) A partner in a law firm, and a lawyer who is individually or together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all

---

[3] Federal Rule of Civil Procedure 11(c)(2) provides that

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

FED. R. CIV. PRO. 11(c)(2).

>lawyers in the firm conform to the Maryland Lawyers' Rules of Professional Conduct;
>
>(b) A lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Maryland Lawyers' Rules of Professional Conduct.

MD. LAWYERS' RULES OF PROF'L CONDUCT 5.1.

In his opinion, Judge Harrell emphasized the importance of this Rule:

>Our Rules require that a firm's executive lawyers design and implement supervisory procedures that anticipate the ethical demands specific to the practice they lead. Proper design of a firm's internal policies and procedures is accomplished when the partners and managers in the firm are responsive to circumstances that indicate a heightened need for more elaborate supervision. To meet this obligation, the Rules contemplate that partners and managing attorneys must adapt the level of supervision to a given attorney's experience and relative to the assigned tasks and the firm's nature and culture.

*Kimmel & Silverman*, 955 A.2d at 284 (quotation omitted). Judge Harrell stressed "[w]hether an employee's ethical breaches are due to the employee's sub-standard performance or the deliberate circumvention of standard procedures, proper supervision must include mechanisms to determine whether the delegated tasks are being performed." *Id.* at 290. This case presents a new twist on the circumstances before the Court of Appeals of Maryland in *Kimmell & Silverman*.

Here, a serious question exists as to the nature and even the existence of "The Glenmore Law Firm," the law firm with which Mr. Arati was allegedly associated.[4] According to the records of both this Court and the Court of Appeals of Maryland, there is not one lawyer licensed in the State of Maryland with the name "Glenmore," nor is anybody with that name listed as being a member of the District of Columbia bar or of the United States District Court for the District of Columbia bar. *See* Client Protection Fund of the Bar of Maryland, http://www.courts.state.md.us/cpf/attylist.html (search "Last Name" for "Glenmore"); DC Bar, Find a Member, http://www.dcbar.org/find_a_member/index.cfm (search "Last Name" for "Glenmore"); United States District Court for the District of Columbia, Case Management/Electronic Case Filing, https://ecf.dcd.uscourts.gov/cgi-bin/login.pl (last visited September 14, 2011). This, of course, brings to mind the provisions of Rule 7.5 of the Maryland Lawyers' Rules of Professional Conduct which provides, in comment one, that a law firm may not be designated by the name of non-lawyers. *See* MD. LAWYERS' RULES OF PROF'L CONDUCT 7.5, cmt. 1.

According to on-line records of the Maryland State Department of Assessments and Taxation, "The Glenmore Law Firm, LLC" was established on July 23, 2010 and its Articles of Organization signed on its behalf by "Newton Gaynor, Director of Business Development," who

---

[4] "The Glenmore Law Firm" maintains a webpage, but it does not provide a name of any attorney associated with the firm. *See* http://glenmorelaw.com/ (last visited Sep. 14, 2011). The webpage does not give an address for "The Glenmore Law Firm." *See id.* A web search for "The Glenmore Law Firm" indicates, however, that the only address of "The Glenmore Law Firm" is 5010 Sunnyside Ave., #201, Beltsville, MD 20705. *See* http://www.google.com/ (search "The Glenmore Law Firm"). On her Motion for an Extension of Time, Ms. Shephard lists this Maryland address as the location of "The Glenmore Law Firm." ECF No. 16. At the time of Ms. Shephard's application to this bar, she listed the address of "The Glenmore Law Firm" as 1701 Pennsylvania Ave., NW, Suite 300, Washington, D.C. 20006. A web search for the Washington, D.C. address listed by Ms. Shephard indicates that the address is occupied by Phase Legal, LLC, a legal staffing and project management company. *See* Phase Legal, LLC, http://www.phaselegal.com/ (last visited Sep. 14, 2011). No record of an address for "The Glenmore Law Firm" can be found other than the Beltsville address.

was also designated as the Resident Agent.[5]  *See* Maryland Department of Assessments and Taxation, http://sdatcert3.resiusa.org/UCC-Charter/CharterSearch_f.aspx (search "Name" for "Glenmore"; then follow the "Amendments" hyperlink for "The Glenmore Law Firm, LLC"; then follow the "View Document" hyperlink for "Articles of Organization").  Article II of the Articles of Organization stated that "the purpose of the company is to provide legal services and ancillary services related thereto.  As such, the Glenmore Law Firm, LLC is a professional limited liability company." *Id.*  According to records of the Court of Appeals of Maryland as well as the District of Columbia bar, Newton Gaynor is not admitted to the bar of either jurisdiction.  *See* Client Protection Fund of the Bar of Maryland, http://www.courts.state.md.us/cpf/attylist.html (search "Last Name" for "Gaynor" and search "First Name" for "Newton"); DC Bar, Find a Member, http://www.dcbar.org/find_a_member/index.cfm (search "Last Name" for "Gaynor" and search "First Name" for "Newton").  On April 1, 2011, a resolution was filed with the Maryland State Department of Assessments and Taxation changing the resident agent from Mr. Gaynor to S. Shiva Arati.  *See* Maryland Department of Assessments and Taxation, http://sdatcert3.resiusa.org/UCC-Charter/CharterSearch_f.aspx (search "Name" for "Glenmore"; then follow the "Amendments" hyperlink for "The Glenmore Law Firm, LLC"; then follow the "View Document" hyperlink for "Resolution").

It is difficult, at best, to determine who, if anyone, is a principal or partner in "The Glenmore Law Firm" and the status of Tawana Shephard is unclear.  The names of other attorneys who appear to have been associated with the firm come up, but their status is murky at

---

[5] Mr. Gaynor also claims to be the President and CEO of "Glenmore Development" and "Glenmore Realty." *See* Plaxo Profile, Newton Gaynor, http://www.plaxo.com/directory/profile/30065554781/f8f9eac0/Newton/Gaynor (last visited Sep. 14, 2011).  Mr. Gaynor lists his business address as 5010 Sunnyside Ave., #201, Beltsville, MD 20705.  *See id.*

best. For example, Andrew Blackman entered an appearance on behalf of "The Glenmore Law Firm" in *Burson, et al. v. Amaya, et al.*, Case No. 333736V in the Circuit Court for Montgomery County. *See* Maryland Judiciary Case Search, http://casesearch.courts.state.md.us/inquiry/processDisclaimer.jis (search "Last Name" for "Blackman" and search "First Name" for "Andrew"; then follow the "333736V" hyperlink under "Case Number"). There is, however, no person with the name of Andrew Blackman who is presently a member of the bar either of this Court or of the Maryland bar. *See* Client Protection Fund of the Bar of Maryland, http://www.courts.state.md.us/cpf/attylist.html (search "Last Name" for "Blackman" and search "First Name" for "Andrew").

Serious and substantial issues have been raised by the Defendants in this case as to the sufficiency of the allegations of the Complaint, and Defendant The Fisher Law Group has given a specific safe harbor notice to the Plaintiffs' counsel, Mr. Arati. The Motion filed by Ms. Shephard requesting an extension of time within which to respond to the Defendants' Motions to Dismiss was filed after the time for response had already expired. Her Motion does not address the "excusable neglect" standard of Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. Moreover, there are very troubling questions raised by the Defendants' Motions to Dismiss as well as the safe harbor notification given by Defendant The Fisher Law Group to the Plaintiffs. The status of "The Glenmore Law Firm" is questionable, at best, and it is not clear whether there are any attorney principals of the firm and, if so, whether they have met their supervisory responsibilities.

Accordingly, the Plaintiffs' Motion to Extend Time to File Opposition to Defendants' Motions to Dismiss, ECF No. 16, will be denied without prejudice, and Ms. Shephard, and any other principals of "The Glenmore Law Firm," will be directed to file with this Court, within

fifteen days of the date of the accompanying Order, a status report containing the following information:

1. A complete description of the attorney principals of "The Glenmore Law Firm," including their identity and dates of admission to the bar of each jurisdiction in which they may be admitted.

2. A description of any changes in the composition of the principals of the firm from July 2, 2010 to the present.

3. The identity of the principal(s) of the firm who, at the time of the filing of this action in the Circuit Court for Prince George's County, Maryland, was in charge of the work of Mr. Arati.

4. A complete list of addresses of all the offices maintained at any time by "The Glenmore Law Firm" for the practice of law in Maryland or any other jurisdiction.

5. A complete description of the reasons, if any, for disregarding repeated notifications from this Court with respect to the need to enter the appearance of an attorney admitted to the bar of this Court as well as notification from the Clerk of this Court as to the need to file oppositions to the Motions to Dismiss filed by the Defendants.

6. A complete description of how Tawana Shephard qualifies for continued admission to the bar of this Court in light of her establishment of an office in the State of Maryland.

7. A complete description of the steps taken in response to the Rule 11 safe harbor notice given by Defendant The Fisher Law Group.

8. In the event that no such evaluation has taken place, a description of the evaluation that has now been undertaken and a decision with respect to whether the Plaintiffs wish to continue with this case.

9. A statement as to whether the Plaintiffs wish to renew their Motion for an extension of time to respond to the Motions to Dismiss and to continue with this litigation.

A separate Order follows.

<u>September 15, 2011</u>             <u>         /s/           </u>
Date             By Alexander Williams Jr. for
Roger W. Titus
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Debra Lampton**, *et al.*, | * |
| Plaintiffs, | * |
| v. | * Civil Case No.: RWT 11cv1364 |
| **Household Finance Corporation**, *et al.*, | * |
| Defendants. | * |

## ORDER

Upon consideration of Plaintiffs' Motion to Extend Time to File Opposition to Defendants' Motions to Dismiss [ECF No. 16], and the opposition thereto, it is, for the reasons stated in the accompanying Memorandum Opinion, this 15th day of September, 2011, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiffs' Motion to Extend Time to File Opposition to Defendants' Motions to Dismiss [ECF No. 16] is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED**, that Plaintiffs' counsel shall file a status report **within fifteen days** from the date of this Order containing the information set forth in the accompanying Memorandum Opinion.

                                                                     /s/
                                          By Alexander Williams, Jr. for
                                          Roger W. Titus
                                          United States District Judge